IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAVID ADELE, # 2012070048 | § | PLAINTIFF |
| | § | |
| VERSUS | § | Civil No. 1:14cv448-HSO-JCG |
| | § | |
| TERRY ROGERS, ADAM DRAKE, | § | |
| PRESTON GOFF, JOHNATHAN | § | |
| MORAN, and BOBBY FAIRLEY | § | DEFENDANTS |

## ORDER DENYING MOTIONS FOR MANDAMUS AND HABEAS RELIEF

BEFORE THE COURT are *pro se* Plaintiff David Adele's Motions for Mandamus [7, 13] and Petition for Habeas Relief Pursuant to 28 U.S.C. § 2254 [23]. Adele is a pretrial detainee at the George County Regional Correctional Facility, and he brings this action alleging a denial of access to the courts and to the government for redress of grievances. Through the present Motions, Adele seeks a preliminary injunction and rulings in this case. The Court has considered Plaintiff's submissions and relevant legal authority and finds that both Motions [7, 13] should be denied.

I. DISCUSSION

A.  First Motion for Mandamus [7]

The Court begins by addressing the first Motion for Mandamus [7], filed December 18, 2014. Although styled as a request for mandamus relief, the Motion in fact seeks a "Preliminary Injunction/Restraining Order on [Defendant law librarian Terry] Rogers" to "[e]nd all denial of [a]ccess to all Judicial Bod[ie]s and or Courts," provide free postage, and let Adele call the Mississippi Judicial

Performance Commission.  1st Mot. for Mandamus [7] at 2.

Adele alleges that he prepared an affidavit to be filed in conjunction with three bar complaints to the Mississippi Bar Association.  1st Mot. for Mandamus Ex. [7-1] at 2.  The affidavit references all three bar complaints and, according to the affidavit, it was to be sent to Adam Kilgore, James Clark, and Melissa Martin at the Bar Association.  *Id.*  Kilgore is General Counsel and Clark and Martin are Deputy General Counsel in the Office of General Counsel for the Mississippi Bar, and they are assigned to one bar complaint each.  *Id.*; Resp. Ex. [14-1] at 1.; Resp. Ex. [14-3] at 1.  The affidavit was allegedly presented to Rogers on Friday, December 5, 2014, 1st Mot. for Mandamus [7] at 1, who sent it to the mail room that afternoon, Resp. Ex. [14-3] at 4.  Adele first claims that the affidavit was not mailed to Clark or Martin "on any day of December 2014."  1st Mot. for Mandamus Ex. [7] at 1 (failing to mention that the same affidavit <u>was</u> mailed to Kilgore).  Later, Adele informs the Court that the affidavit was mailed to Clark and Martin on December 19, 2014.  1st Resp. [14] at 5; 1st Resp. Ex. [14-2] at 2.  Adele also asserts that Rogers will not permit him to make a telephone call to the Mississippi Judicial Performance Commission to discuss his pending complaint there.  1st Mot. for Mandamus [7] at 1–2.

To be entitled to a preliminary injunction, Adele must show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable harm without the injunction, (3) which harm outweighs any harm to Defendants if granted, and (4) that the injunction is in the public interest.  *Women's Med. Ctr. v.*

2

*Bell*, 248 F.3d 411, 418–19 n.15 (5th Cir. 2001).  As for the merits of Adele's claims for denial of access to the Bar and Judicial Commission, he must prove that Rogers has "hindered his efforts to pursue" claims that are "nonfrivolous." *Lewis v. Casey*, 518 U.S. 343, 351–53 (1996) (discussing denial of access to courts).

    Adele acknowledges that the affidavit was sent to the Office of General Counsel, referencing all three bar complaint numbers and attorneys.  Adele followed up two weeks later, sending another copy to Kilgore, Clark, and Martin.  Adele does not claim that the bar complaints were prejudiced in any way.  In addition, while Adele may or may not be able to place a call to the Judicial Commission from jail, he does not say that he is prohibited from otherwise contacting the Commission.  For example, the evidence reflects that Adele has been allowed to write the Commission on several occasions and that the Commission is in written communication with him.  1st Mot. for Mandamus Ex. [7-1] at 3–4.  Because the record shows that Adele was, and is, allowed access to the Bar and Judicial Commission, and because his grievances before those entities have not been harmed by Rogers' alleged conduct, this particular claim fails.  As such, Adele has not shown a substantial likelihood of success on the merits.  Furthermore, because no harm has been shown to his ongoing bar and judicial complaints, Adele has failed to prove a substantial threat of injury if an injunction does not issue.

    It is not clear if Adele also is asserting a retaliation claim against Rogers in this Motion.  Adele describes the alleged failure to mail copies as "intense retaliation," because on the day the mailings were first allegedly submitted to her,

Rogers supposedly made "vindictive comments" to Adele about him suing her. 1st Mot. for Mandamus [7] at 1. Adele does note, however, that Rogers "did not tamper with the claim against herself this time." *Id.*

If Adele is alleging that Rogers did not forward some of his mail because she was retaliating against him for suing her, this claim also fails. "To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). An adverse act is one that is "capable of deterring a person of ordinary firmness from further exercising his constitutional rights." *Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006). Here, Rogers's mailing only one copy of an affidavit, as opposed to three, is hardly an act capable of deterring a person of ordinary firmness from exercising his right to sue Rogers. The affidavit went to the Office of General Counsel, where Clark and Martin work. The affidavit stated that it was also addressed to them, and it referenced the bar complaint numbers assigned to Clark and Martin.

Having failed to establish a substantial likelihood of success or of injury, Adele is not entitled to a preliminary injunction. Therefore, the first Motion [7] for Mandamus will be denied.

B.    Second Motion for Mandamus [13]

The Court next considers Adele's second Motion for Mandamus [13]. Adele asks the Court either to order that Rogers provide "prompt notary and cop[ie]s" or

4

to reverse the dismissal of his case in *Adele v. Jackson*, civil action number 1:14cv449-LG-RHW.  This Motion was filed on January 28, 2015.  At the time, these represented new claims for alleged denial of access to courts, against the law librarian.  Therefore, the Motion appears to be an attempt to amend the pleadings.

On February 2, 2015, Adele responded to a prior Order [12] and added this very claim to this lawsuit.  1st Resp. [14] at 4–5.  Therefore this Motion is moot.

C.    Petition for Habeas Relief [23]

Adele's "Petition for Habeas Relief Pursuant to 28 U.S.C. § 2254" [23] was filed April 21, 2015.  Despite the title, Adele does not seek habeas relief because he does not seek speedier release from detention.  *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).  Rather, Adele wants (1) "[f]ull [a]ccess to [a] Law Library for Pro Se" litigation of his religious claims in *Adele v. Goff*, 1:14cv463-HSO-JCG, currently pending before this Court, (2) the return of Adele's religious literature and medallion, (3) state court transcripts for the reason that the state court ordered a mental evaluation on Plaintiff, (4) an evidentiary hearing in this case, and (5) a ruling on his Motion to Enforce [15] the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq*.  Pet. for Habeas [23] at 2.  Adele repeats allegations, found elsewhere in the pleadings, that Rogers has denied him a copy of RLUIPA and "the First Freedom Project 2007, Law [sic]."[1]  *Id.*

---

[1] The First Freedom Project of 2007 is not a law.  Rather it was simply a project of the United States Department of Justice's Civil Rights Division to "increase enforcement and awareness of laws protecting religious freedom."  *Attorney General Announces New DOJ Initiative: The First Freedom Project*, 22

To the extent Adele seeks a favorable ruling on this particular denial of access claim and an evidentiary hearing, the Motion will be denied. The claim itself will be dismissed for the reasons set forth in the Court's Memorandum Opinion and Order of Dismissal being entered contemporaneously with this Order.

To some extent, this Petition repeats claims raised in other cases filed by Adele. Specifically, the request for religious items is the subject of *Adele v. Goff*, No. 1:14cv463-HSO-JCG at 2 (S.D. Miss. May 11, 2015). Likewise, the request for transcripts has already been filed in *Adele v. Jackson*, No. 1:14cv449-LG-RHW at 2 (S.D. Miss. Feb. 3, 2015), which Judge Guirola denied on February 3, 2015. *Jackson* is currently on appeal before the Fifth Circuit Court of Appeals. *Adele v. Jackson*, No. 15-60081 (5th Cir. Feb. 12, 2015). It is "'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993). The Court finds the requests for religious items and transcripts are duplicative and malicious and should be denied.

Finally, the request for a ruling on Plaintiff's Motion to Enforce RLUIPA [15] is moot. United States Magistrate Judge John C. Gargiulo ruled on this request on May 19, 2015. Order Striking Mot. for Change of Venue, Granting Mot. to Amend, & Adding Defs. [25] at 1. Based on all of the foregoing, the Petition for Habeas

---

RELIGIOUS FREEDOM IN FOCUS (U.S. Dep't of Justice, Civil Rights Div., Washington, D.C.), January/February 2007, at 1, 1 (available at http://www.justice.gov/crt/spec_topics/religiousdiscrimination/newsletter/focus_22.htm).

relief [23] should be denied.

## II. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that *pro se* Plaintiff David Adele's first Motion for Mandamus [7] is **DENIED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff's second Motion for Mandamus [13] is **DENIED** as moot.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff's Petition for Habeas Corpus Relief Pursuant to 28 U.S.C. § 2254 [23], which the Court construes as a motion, is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 5th day of June, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE