## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **DAVID ADELE, # 2012070048** | § | **PLAINTIFF** |
| | § | |
| **VERSUS** | § | **Civil No. 1:14cv448-HSO-JCG** |
| | § | |
| **TERRY ROGERS, ADAM DRAKE,** | § | |
| **PRESTON GOFF, JOHNATHAN** | § | |
| **MORAN, and BOBBY FAIRLEY** | § | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court *sua sponte*.  *Pro se* Plaintiff David Adele is a

pretrial detainee at the George County Regional Correctional Facility, and he

brings this action challenging his detention and conditions of confinement.  For the

reasons set forth below, this case will be dismissed.

### I.    BACKGROUND

Adele was arrested July 6, 2012, in Lucedale, Mississippi.  Compl. Ex. [1-1],

at 22.  *See also* Aff. & Supp. Ex. [1-1], at 4–5, *Adele v. Jackson*, No. 1:14cv449-LG-

RHW (S.D. Miss. Dec. 12, 2014).  Adele was appointed counsel three days later.[1]

Compl. Ex. [1-1], at 10, 22, 33; 2d Mot. for Mandamus Ex. [13-1], at 3.  Adele is

currently awaiting trial on a charge of aggravated assault–domestic violence.

Compl. Ex. [1-1], at 11.  Defendants are employees of the George County Regional

Correctional Facility, where Adele is being detained.  Terry Rogers is the law

---

[1]Between July 9, 2012, and March 6, 2014, Adele has had three separate
criminal attorneys appointed to represent him.  Compl. Ex. [1-1], at 10, 13–14.

librarian.  Captain Adam Drake and Lieutenant Johnathan Moran are correctional officers.  Preston Goff is the former warden, and Bobby Fairley is the current one.

While detained by these Defendants, Adele has filed, among other things, four bar complaints and four civil actions.  *See Adele v. Guirola,* No. 1:15cv42-HSO-JCG (S.D. Miss. Feb. 12, 2015); *Adele v. Goff,* No. 1:14cv463-HSO-JCG (S.D. Miss. Dec. 29, 2014); *Adele v. Jackson,* No. 1:14cv449-LG-RGW (S.D. Miss. Dec. 12, 2014); and *Adele v. Rogers*, 1:14cv448-HSO-JCG (S.D. Miss. Dec. 12, 2014) (the instant civil action); *see also* 1st Mot. for Mandamus [7]; 1st Resp. Ex. [14-1], at 1.  The four bar complaints are lodged against Adele's defense attorneys and the George County prosecutor.  On the same day the instant civil action was filed, Adele also filed *Adele v. Jackson*, civil action number 1:14cv449-LG-RHW, in this Court, complaining about his state criminal proceedings.  That case was dismissed by Chief District Judge Louis Guirola, Jr., and is currently on appeal to the Fifth Circuit Court of Appeals.  *Jackson*, No. 15-60081 (5th Cir. Feb. 12, 2015).  Next, Adele filed *Adele v. Goff*, civil action number 1:14cv463-HSO-JCG, which is pending before the undersigned.  That case challenges various conditions of confinement, including alleged denials of Adele's right to practice his religion.  *See* Order [21], at 1, *Adele v. Goff*, No. 1:14cv463-HSO-JCG (S.D. Miss. May 11, 2015).  The final case was filed against Chief Judge Guirola, accusing him of mishandling *Jackson*.  *See* Order Dismiss. Pl.'s Compl. [12], at 1–2, *Adele v. Guirola*, No. 1:15cv42-HSO-JCG (S.D. Miss. Mar. 13, 2015).  *Guirola* was dismissed by this Court on March 13, 2015, and was likewise dismissed by the Fifth Circuit Court of Appeals.  *Adele v. Guirola*,

No. 15-60224 (5th Cir. May 27, 2015).

In the instant case, Rogers is accused of denying Adele access to courts and the Mississippi Bar Association in the above-referenced cases. Specifically, Adele contends that Rogers will not give him forms, pens, paper, envelopes, a stapler, a typewriter, and copies. Compl. [1], at 4; Compl. Ex. [1-1], at 1.

Adele sought a form petition for a writ of mandamus, a form bill of information, and a form request under the Freedom of Information Act, 5 U.S.C. § 552. Compl. Ex. [1-1], at 2–4. Rogers could not find any such forms and advised Adele to contact the courts for the forms. *Id.* at 3. Rogers nevertheless tried to locate the forms for Adele, even contacting the state trial court, conferring with an attorney, and searching the Internet for forms from courts outside of this State. *Id.* at 3, 36, 45. Rogers supplied Adele with what forms she could locate from an Alabama court's website and an Illinois court's website. *Id.* at 3, 37, 46–47. Adele was not satisfied, wanting forms for Mississippi. *Id.* Adele filed an affidavit in the State court, requesting the forms he alleged Rogers would not provide him. *Id.* at 2. Adele likewise requested forms from this Court. *Id.* at 4. The George County Circuit Court informed Adele no such forms existed. *Id.* at 57. This Court supplied Adele with a form 42 U.S.C. § 1983 complaint. *Id.* at 4. Adele complains that he was forced to make up his own handwritten documents. 2d Objection [21], at 1.

Adele finally alleges that Rogers either gives him the wrong case law and rules or refuses to provide them. Compl. Ex. [1-1], at 7, 19, 60. Therefore, Adele has been "using outside sources to provide legal aide [sic]." 3d Objection [22], at 3.

According to Adele, Rogers has for this reason caused Adele to have his preliminary hearing deemed waived on July 9, 2012.  Compl. Ex. [1-1], at 1, 3.  Adele, however, filed a *pro se* motion for preliminary hearing with the State court. *Id.* at 1–3.  The preliminary hearing was eventually held on October 17, 2012.  *Id.* at 3.  Adele claims that Rogers has also caused him to miss deadlines.  1st Resp. [14], at 4; Dkt. 19 at 1.  According to the pleadings, Rogers has recently interfered with both of his appeals.  4th Objection [24], at 1.

Drake and Goff are accused of denying Adele's grievances, which complained about Rogers's alleged misconduct.  Compl. [1], at 4.  Moran is sued because he allegedly confiscated some of Adele's legal files that were in his cell on grounds that detainees are not allowed more than six inches of documents in their cell at any given time.  2d Objection [21], at 4.  Adele reports Moran told him that the files would be made available to him on request.  3d Objection [22], at 1.  Adele claims he twice had to go to State court on his criminal case, without notice, and therefore was deprived of his legal files at the hearings.  5th Objection [26], at 1.  Adele maintains that Fairley denied the grievance that complained about this confiscation.  2d Objection [21], at 2.

Finally, Adele adds state and federal claims for religious discrimination. Mot. to Enforce [15], at 1.  He claims that he is the victim of religious bias in his criminal prosecution and in his detention at the jail.  *Id.*  Adele admits that these claims are the subject of *Jackson* and *Goff*.  *Id.*

4

## II.   DISCUSSION

The Prison Litigation Reform Act of 1996 ("PLRA"), 28 U.S.C. § 1915, applies to prisoners proceeding *in forma pauperis* in this Court.  The PLRA provides in part that "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  This framework "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quotation omitted).  "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised. . . ."  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).  "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer."  *Id.*  Because the Court has permitted Adele to proceed *in forma pauperis*, the Complaint in this case is subject to the provisions allowing for *sua sponte* dismissal under § 1915.

A.   Adele's Denial of Access Claims

The crux of this lawsuit is Adele's contention pursuant to 42 U.S.C. § 1983 that Defendants, to varying degrees, are denying his right of access to the courts

and to otherwise petition the government for redress of his grievances.

To pursue his denial of access claims, Adele must allege that Defendants "hindered his efforts to pursue a legal claim" that is "nonfrivolous." *Lewis v. Casey*, 518 U.S. 343, 351–55 (1996). There are two types of denial of access claims, a forward-looking claim and a backward-looking claim. *Christopher v. Harbury*, 536 U.S. 403, 414–15 (2002). Adele asserts both. A forward-looking access claim is one where the "litigating opportunity yet to be gained" is being blocked by a defendant. *Id*. at 414. In other words, some "official action frustrates a plaintiff . . . in preparing or filing suits at the present time." *Id*. at 413. "[T]he object . . . is to place the plaintiff in a position to pursue a separate claim for relief once the frustrating condition has been removed." *Id*.

A backward-looking claim is about "an opportunity already lost." *Id*. at 414–15. It looks "backward to a time when specific litigation ended poorly, or could not have commenced, or could have produced a remedy subsequently unobtainable." *Id*. at 414. For a "backward-looking access claim," Adele must prove (1) an underlying cause of action, (2) the litigation of which was frustrated by official acts, (3) which resulted in a lost remedy. *Id*. at 415–16. With respect to the third element, Adele:

> must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought. There is, after all, no point in spending time and money to establish the facts constituting denial of access when a plaintiff would end up just as well off after litigating a simpler case without the denial-of-access element.

*Id*. at 415. For example, the official action "may allegedly have caused the loss or

inadequate settlement of a meritorious case, the loss of an opportunity to sue, or the loss of an opportunity to seek some particular order of relief." *Id.* at 414 (internal citations omitted).

      1.    <u>Adele's Claims Against Rogers</u>

Rogers is essentially accused of providing inadequate law library services, which Adele claims is hindering his ability to fight his criminal prosecution and pursue his bar complaints and four federal civil cases.

      a.    <u>Criminal Case</u>

Adele contends that he has been litigating *pro se* in his criminal case since July 30, 2012. Compl. Ex. [1-1], at 5. Adele has personally filed numerous motions in the State court for hearings, dismissal, discovery, to suppress evidence, and for bond reduction. *Id.* He accuses Rogers of not providing him a law library or competent legal aid in his criminal case.

A prisoner who rejects the assistance of court-appointed counsel has "no constitutional right to access a law library in preparing the *pro se* defense of his criminal trial." *Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir. 1996). Adele was appointed David Futch as his criminal attorney three days after his arrest and well before the beginning of Adele's *pro se* defense. Adele admits that Futch told him that there was not much to be done until the indictment and arraignment occurred. 2d Mot. for Mandamus Ex. [13-1], at 3. Adele nevertheless became dissatisfied with Futch's representation and filed a bar complaint against him in March 2013. On September 19, 2013, Futch withdrew, and Denis Debar was appointed. Compl. Ex.

[1-1], at 13; 1st Resp. [14], at 5; 1st Resp. Ex. [14-1], at 1.  When Debar later withdrew, Brandy Hambright was appointed in his stead.  Compl. Ex. [1-1], at 14. Adele now wishes to represent himself in his criminal case with the assistance of "Advisory/Standby Counsel."  Facts Necessary to Understand Issues Presented [6], at 2.  Although represented by counsel, Adele chose to defend himself *pro se*.  Since Adele has, at least partially, waived his right to counsel, Adele has no constitutional right to access a law library for the purpose of his criminal defense.

In any event, the exhibits tend to show that Rogers did offer Adele some legal assistance in his criminal case.  As with the court-appointed attorneys, Adele was not satisfied with Rogers's help.  Adele was not prevented from writing to the State court or pressing his numerous motions there.  Further, the only harm to Adele's criminal case that he can articulate is that (1) his preliminary hearing was waived, (2) he is at "risk of waiv[ing]" unspecified "assignments of error . . . that were not properly objected to as counsel sat idly by, once appointed," and (3) a Motion for Complaint was filed on the last day of the deadline, "which was not honored by the [J]ustice Court."  *Id.* at 1; 1st Resp. [14], at 4.  Adele admits, however, that he eventually obtained a preliminary hearing.  By Adele's own admission, the Motion for Complaint was timely filed.  Any alleged error on the part of the State court is not attributable to Rogers.  Lastly, a vague risk of waiver is not specific enough to allege an injury.  Adele fails to state a claim based on errors in his criminal case.

      b.   <u>Bar Complaints</u>

Adele next claims that Rogers has interfered with his communications with

the Mississippi Bar Association.  Adele has filed a total of four bar complaints before the Mississippi Bar Association, all stemming from his criminal prosecution. Besides the bar complaint against Futch, Adele has pending bar complaints against Debar, Hambright, and the George County District Attorney.

Adele claims Rogers hampered the bar complaint against Futch because she allegedly would not let him call the Bar to discuss the case against Futch.  Compl. Ex. [1-1], at 63.  Adele does not explain how he was harmed by not being permitted to call the Bar Association.  Adele admits that the Bar nevertheless processed his complaint against Futch.

As for the latter three bar complaints, Adele charges Rogers with making poor copies of documents he was sending to the Bar Association.  According to the pleadings, on February 27, 2015, Adele was having the bar complaints recopied and sent to the Bar Association again, in order to receive an "update on pending Complaints."  1st Objection Ex. [20-1], at 1.  Adele claims that Rogers "ineptly turned the legal documents side ways to copy[,] cutting off the top half of the Complaint."  1st Objection [20], at 1.  "It will now take an additional three weeks to obtain cop[ie]s again to correct this intentional[,] willful abuse."  *Id.*  Adele surmises that "[p]ages do not accidentally get turned sideways."  1st Objection Ex. [20-2], at 2.

Adele can identify no prejudice.  He does not explain why he needs to provide a copy of his existing bar complaints in order to request an update on them.  Adele admits that the Bar already has the original complaints and that he will be able to

correct the copies and send them to the Bar.  Adele fails to state a claim based on his pending bar complaints.

   c. <u>Civil Cases in this Court</u>

  Adele also complains that Rogers is preventing Adele from meeting this Court's deadlines in this case as well as in *Jackson* and *Goff*.  Adele contends that, in the latter two cases, Rogers prevents Adele from pursuing his claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq.*

  Turning to the deadlines claim, in this case, Adele asserts Rogers placed him in jeopardy of missing this Court's February 4, 2015, deadline to respond to an Order [12].  Adele further accuses Rogers of withholding his responsive pleadings that were due in *Goff* on February 17, 2015.  2d Objection [19] to Order [12], at 1. All of Adele's Responses in these two cases were timely filed, however.  1st Resp. [14]; 2d Resp. [17]; Resp. [14], *Adele v. Goff*, No. 1:14cv463-HSO-JCG, (S.D. Miss. Feb. 13, 2015).

  In *Jackson*, United States Magistrate Judge Robert H. Walker imposed a deadline for Adele to respond to the Court's inquiries regarding the Complaint.  2d Mot. for Mandamus [13], at 1; 1st Resp. [14], at 4.  Adele maintains that Rogers filed the responsive pleading, and nine other motions, one day late, on January 13, 2015.  *Id.*  Adele contends that this caused Chief Judge Guirola to dismiss the lawsuit.  *Id.*  The Court takes judicial notice that Adele had filed a response in that case on January 6, 2015.  *See* Order [25], 3, *Adele v. Jackson*, No. 1:14cv449-LG-

RHW (S.D. Miss. Feb. 3, 2015).  The January 13, 2015, filing represented Adele's second filing of a response.  *Id.* at 1.  After dismissal, Judge Guirola considered Adele's second response and nine motions on February 3, 2015 and determined that "the supplemental Response does not affect the Court's Final Judgment."  *Id.* Therefore, the Court finds that this claim is frivolous, because Rogers did not prevent Adele from presenting his arguments to the Court.  Not only did Judge Guirola consider the second response and nine motions, he found that "[t]his second Response merely repeats the allegations contained in the first, which the Court has already considered in its Order Denying Mandamus and Memorandum Opinion and Order of Dismissal."  *Id.* at 3.

As for Adele's religious claims, he maintains that Rogers will not provide him with a copy of RLUIPA, related case law, and the "First Freedom Project Law." 1st Resp. [14], at 6.  Without these, Adele insists he is prevented from prosecuting his federal religious claims in both *Jackson* and *Goff*.  However, Adele admits that he has obtained copies of RLUIPA.  2d Objection [19] to Order [12], at 1.  The Court additionally notes that the First Freedom Project is not a statute at all, but was merely a project of the United States Department of Justice's Civil Rights Division. *Attorney General Announces New DOJ Initiative: The First Freedom Project*, 22 RELIGIOUS FREEDOM IN FOCUS (U.S. Dep't of Justice, Civil Rights Div., Washington, D.C.), January/February 2007, at 1, 1 (available at http://www.justice.gov/crt/ spec_topics/religiousdiscrimination/newsletter/focus_22.htm).

In any event, *Goff* is proceeding before the undersigned on the religious

11

claims.  The Court is awaiting waivers of service of process on the Defendants in that case.  Req. for Waiver [25], *Adele v. Goff*, No. 1:14cv463-HSO-JCG (S.D. Miss. May 18, 2015).  Rogers is not preventing Adele's pursuit of his religious claims in *Goff*.

While the federal religious claims in *Jackson* were dismissed, the dismissal was not due to any alleged lack of access to federal religious case law.  Rather, dismissal was based on prosecutorial and judicial immunity, the fact that defense counsel was not a state actor, and the fact that the Court lacked authority to issue a mandamus.  Order [12], at 4–5, 7, *Adele v. Jackson*, No. 1:14cv449-LG-RHW (S.D. Miss. Jan. 12, 2015).  Adele fails to state a claim in connection with his litigation before this Court.

d.     Appeals in the Fifth Circuit

Adele begins by claiming that Rogers will not supply him with the Rules of Appellate Procedure, in spite of the fact that his time to appeal *Jackson* is running. Because, however, Adele has filed an appeal in *Jackson*, there is no harm from this alleged error.

Adele next claims, broadly, that Rogers "den[ie]s all access to the Court/Legal Aide [sic] and compliance to the" May 17, 2015, deadline in *Guirola*, to move to proceed *in forma pauperis* in the Fifth Circuit.  4th Objection [24], at 1; *see also Adele v. Guirola*, No. 15-60224 (5th Cir. Apr. 17, 2015).  As of May 27, 2015, this appeal was dismissed for failure to pay the filing fee or move for leave to proceed *in forma pauperis*.  *Guirola*, No. 15-60224 (5th Cir. May 27, 2015).  First, Adele does

not specify what actions or omissions on Rogers's part kept him from sending anything to the Fifth Circuit. Since the time Adele raised this claim, on May 11, 2015, Adele has nevertheless mailed one other pleading [26] in this case and three objections [22–23, 26] in *Goff*. *Adele v. Goff*, No. 1:14cv463-HSO-JCG, (S.D. Miss. Dec. 29, 2014). Even if Rogers did cause the dismissal of the *Guirola* appeal in the Fifth Circuit, Adele still must prove that he was pursuing a nonfrivolous, arguable appeal. This Court has already found that the *Guirola* appeal was frivolous, as Judge Guirola is judicially immune from the claims in that lawsuit. Order [16], at 1, *Adele v. Guirola*, No. 1:15cv42-HSO-JCG (S.D. Miss. Apr. 14, 2015).

Finally, Adele claims that he had a May 4, 2015, deadline to file four copies of his appellate brief in *Jackson*. Adele maintains that Rogers will not make four copies of the brief. 4th Objection [24], at 1. It is not clear if Adele is alleging that Rogers is also denying Adele an envelope in which to mail the brief. 5th Objection [26], at 2. The Court notes that, during the period of the briefing schedule, Adele has cumulatively mailed in twelve motions and pleadings to this Court in this case [21–24, 26], *Goff* [18–19, 22–23, 26], and *Guirola* [14–15].

Regardless, Adele fails to "'identify a non-frivolous, arguable underlying claim' and describe it 'well enough to apply the "nonfrivolous" test and to show that the "arguable" nature of the underlying claim is more than hope.'" *Leary v. Thaler*, 577 F. App'x 302, 302 (5th Cir. 2014) (quoting *Christopher*, 536 U.S. at 415–16). As stated previously, *Jackson* was a civil action collaterally attacking Adele's criminal prosecution. Adele claims that he is appealing the dismissal of his claims against

13

the State trial judge, for alleged errors in the criminal case.  3d Objection [24], at 2.

Adele fails to explain how that judge is not likewise immune from damages or why

the alleged errors cannot be pursued in State court.

Rogers will therefore be dismissed from the case as the claims against her are

frivolous and fail to state a claim for relief.

### 2.   Adele's Claims Against Drake and Goff

Drake and Goff are sued for denying Adele's jail grievances, which

complained of Rogers's alleged conduct discussed earlier.  For this reason, Adele

accuses Drake and Goff of condoning a denial of access to the courts and to the

government.  Having failed to state a claim for denial of access against Rogers,

Adele can state no claim against Drake and Goff for failing to correct her alleged

conduct.  Drake and Goff should be dismissed.

### 3.   Adele's Claims Against Moran and Fairley

Adele accuses Moran and Fairley of denying Adele access to the court in his

criminal case, because they allegedly confiscated his criminal file.  Adele admits

that Moran and Fairley told him he could retrieve these documents.  3d Objection

[22], at 1.  Adele claims to have since had two surprise criminal court appearances,

which deprived him of the opportunity to request his criminal file beforehand.  As a

result, Adele showed up for two court hearings without his criminal legal

documents.

Adele does not explain why these two Defendants are responsible for

informing him of his court dates, nor does he allege that they knew when the court

14

dates were.  Adele is represented by counsel, and Adele also has been in contact with the State trial court.  Furthermore, Adele does not claim that his criminal case was adversely affected.  Moran and Fairley will be dismissed.

B.    Adele's Religious Claims

Finally, Adele presses the identical religious claims that he is pursuing in *Jackson* and in *Goff*.  It is "'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993).  The Court finds the religious claims advanced in this case are duplicative and malicious, and should be dismissed as such.

III.    CONCLUSION

Based on the foregoing, Adele's denial of access claims will dismissed as frivolous and for failure to state a claim upon which relief may be granted.  Adele's religious claims will be dismissed as duplicative and malicious.  This case will be dismissed, and Adele is assessed a strike pursuant to § 1915(g).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the foregoing reasons, this case is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted as to the denial of access claim and as frivolous and malicious as to the religious claims.  This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).  A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 5th day of June, 2015.

15

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE